Blanche E. Maine, State Bar No. 185718
Email: bmaine@sandiegoestateplanning.com
Law Office of Blanche E. Maine
1504 Maria Ave.
Spring Valley, CA 91977
(619) 750-9691 (Tel)
(619) 825-8828 (Fax)

Attorney for Plaintiff,

FILED

08 JUN 24 PM 2:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gail Marie Glancy,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE INSURANCE COMPANY; HONEYWELL INTERNATIONAL, INC. LONG TERM DISABILITY PLAN,<br><br>Defendants. | CASE NO. 08 CV 1122 DMS LSP<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; FAILURE TO PROVIDE PLAN DOCUMENTS UNDER ERISA; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |

Plaintiff, Gail Marie Glancy, herein sets forth the allegations of her Complaint against Defendants MetLife Insurance Company and Honeywell International, Inc. Long Term Disability Plan:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. section 1331 as this action involves a federal question. This action is

1  brought for the purpose of obtaining benefits under the terms of an employee benefit plan, and to clarify and enforce Plaintiff's past, present and future rights to benefits under the employee benefit plan named as Defendant. Plaintiff also seeks equitable relief, including but not limited to: restitution, an injunction ordering defendants to qualify Plaintiff for benefits and to pay Plaintiff benefits to which Plaintiff is entitled, prejudgment and postjudgment interest, and attorneys' fees and costs.

2.  Plaintiff was at all times relevant, an employee of Honeywell International, Inc. ("Honeywell") and a resident in the County of San Diego, State of California.

3.  Plaintiff is informed and believes that Defendant MetLife Insurance Company ("MetLife") is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Southern District of California and can be found in the Southern District of California. MetLife is the insurer of benefits under the Long Term Disability Plan and acted in the capacity of a plan administrator.

4.  Plaintiff is informed and believes that Defendant Honeywell International, Inc. Long Term Disability Plan, (hereinafter "LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Honeywell, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5.  Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. section 1132(e)(2).

////

////

**FIRST CAUSE OF ACTION AGAINST
HONEYWELL INTERNATIONAL, INC.
LONG TERM DISABILITY PLAN
AND METLIFE INSURANCE COMPANY
FOR DENIAL OF PLAN BENEFITS**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Honeywell and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by Honeywell. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to MetLife for LTD benefits under the Plan. On February 5, 2007, Plaintiff's claim for LTD benefits was denied by MetLife stating the Plaintiff was not disabled while still employed with Honeywell. On July 23, 2007, Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on January 14, 2008, MetLife erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

10. Defendants MetLife and the LTD Plan wrongfully denied Plaintiff's claim, in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when MetLife and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and MetLife had such knowledge, MetLife denied Plaintiff's LTD benefits;

(b) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and

1  LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

2        (c)    After Plaintiff's claim was denied in whole or in part, MetLife failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

      (d)    Concealing and withholding from Plaintiff the notice requirements MetLife and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations section 2560.503-1(f)-(g), inclusive; and

      (e)    Failing to properly and adequately investigate the merits of Plaintiff's disability claim and to provide a full and fair review of Plaintiff's claim.

11. Plaintiff is informed and believes and thereon alleges that these named Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

12. Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

13. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and MetLife, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

////

////

////

**SECOND CAUSE OF ACTION AGAINST
HONEYWELL INTERNATIONAL, INC.
LONG TERM DISABILITY PLAN
AND METLIFE INSURANCE COMPANY
FOR EQUITABLE RELIEF**

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. As a direct and proximate result of the failure of the LTD Plan and/or MetLife to pay disability benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. section 1132(a)(3):

(a) Restitution of all past benefits due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction issued requiring defendants LTD Plan and MetLife to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS
HONEYWELL INTERNATIONA, INC.
LONG TERM DISABILITY PLAN
AND METLIFE INSURANCE COMPANY
FOR DECLARATORY RELIEF**

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. A controversy now exists between MetLife and/or the LTD Plan and Plaintiff as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and that

she was and is entitled to continued LTD benefits from Defendant MetLife and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if Plaintiff is found to have been disabled, and continues to remain disabled, under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

### FOURTH CAUSE OF ACTION AGAINST HONEYWELL INTERNATIONAL INC. LONG TERM DISABILITY PLAN AND METLIFE INSURANCE COMPANY FOR FAILURE TO PROVIDE REQUESTED PLAN DOCUMENTS

19. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

20. At all times relevant, Plaintiff was employed by Honeywell. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of an employee welfare and pension benefit plan provided by Plaintiff's employer and regulated by ERISA. Under the employee benefit plan, Plaintiff's employer provided certain employee insurance and/or pension benefits to all eligible employees, which included Plaintiff. As a participant under the employee benefit plan, Plaintiff had a right to request certain plan documents from the Plan Administrator.

21. On or about October 15, 2002, Plaintiff made a request to Honeywell for a copy of "her disability policy from her desk drawer." Plaintiff requested that these records be forwarded to her immediately as she could not recall the name of the LTD plan administrator.

22. Plaintiff was informed by Honeywell that "no such policy existed." Plaintiff insisted that the policy existed since money was deducted from her paychecks for a disability policy. After repeated requests, Honeywell continued to insist in bad faith that "no such policy existed." Plaintiff received a box from Honeywell supposedly containing the entire contents of her desk drawer from the office, however, no insurance policy was contained in

the box. Honeywell was required to provide the requested documentation to Plaintiff within 30 days after the date of the request. The thirty days expired and Honeywell did not submit the requested documentation to the Plaintiff.

23. As a proximate result of the aforementioned wrongful conduct of Honeywell and the LTD Plan in failing to provide the requested documentation to Plaintiff, and pursuant to 29 U.S.C. section 1132(c)(1), Plaintiff is entitled to daily statutory damages for every day that the documents were and have not been provided, as well as prejudgment and postjudgment interest on any such damages, in a total sum to be shown at the time of trial.

24. As a further direct and proximate result of this improper withholding of documents regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Honeywell and/or the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. For a declaration that Plaintiff was disabled retroactive to the denial of LTD benefits and is entitled to receive LTD benefits while Plaintiff was and continues to be disabled under the terms of the LTD Plan;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4. Pursuant to 29 U.S.C. section 1132(c)(1), for payment of the daily statutory penalty for each day beyond the 30 days by which Honeywell and/or the LTD Plan should have provided the documents to Plaintiff.

5. Pursuant to 29 U.S.C. section 1132(g) for all costs and attorney fees incurred in pursuing this action;

6. For prejudgment and postjudgment interest as allowed for under ERISA; and

1  7. For such other and further relief as this Court deems just and proper.
2
3
4  DATED: June 24, 2008                    LAW OFFICE OF BLANCHE E. MAINE
5
6                                           By: *B. Maine*
7                                               BLANCHE E. MAINE
                                                ATTORNEY FOR PLAINTIF
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, GAIL MARIE GLANCY, declare under penalty of perjury under the laws of the State of California that the forgoing BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; FAILURE TO PROVIDE PLAN DOCUMENTS UNDER ERISA; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS, including any attachments, is true and correct.

Executed this 24th day of June, 2008, at Spring Valley, California.

*[signature]*
GAIL MARIE GLANCY
PLAINTIFF

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Gail Marie Glancy

**DEFENDANTS**
MetLife Insurance Company and Honeywell International, Inc.

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 JUN 24 PM 2:20

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Blanche E. Maine
1504 Maria Ave.

Attorneys (If Known)

'08 CV 1122 DMS LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1132(a),(e),(f) and (g)
Brief description of cause:
Breach of Employee Retirement Income Security Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

**DATE** 06/24/2008
**SIGNATURE OF ATTORNEY OF RECORD** B. Maine

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____


CR